*Margin note:*
SEPT TERM. 1840.

Russell
v.
St. Boat Elk.

tion accrued without a positive averment o. that fact.

---

### Byrne v. Steam Boat Elk.

A note given on behalf of the owners of a steam boat, by their authorised agent, the clerk of the boat, for the amount of complainants demand, is evidence—in proceedings instituted against such boat to enforce the payment of such demand—of the justice as well as the amount of the claim.

Error to St. Louis circuit court.

*Bird for Plaintiff.*

1st. Plaintiff insists that demurrer admits every fact stated in the complaint which is sufficient to entitle the plaintiff to recover.

2nd. That any boat found in the waters of the State is liable to be sued for supplies furnished it for the last six months wherever the contract may have been made or the supplies furnished.

3rd. The complaint is drawn up as the law requires; no averment was required that the boat was used in navigating the waters of the State. No suit can be commenced unless the boat is found here, and the law never requires a useless averment.

SEPT. TERM
1840.

Byrne
v.
St. Boat Elk.

*Bowlin for Defendant.*

The only point to be considered is, whether the complaint is good under the statute? The complaint has been verified by affidavit—such as it is. But no essential requisition of the statute has been sworn to by the affiant. 3d Call 416. 1 Wash. 74; 2d H. and M. 315, also 48; sec. 1 R. C. 102; 4 R. C. 103; 21 104; Sec 4 103.

*Opinion of the Court by Tompkins Judge.*

Byrne in his complaint states, that on the 23rd day of February in the year 1839, the steam boat Elk was indebted to him in the sum of $213 20, on account of supplies furnished for the use of said boat, it being for debts contracted by the owners of said boat, and then &c., due and payable; and as an evidence of the indebtedness of the owners of the said boat to said Byrne, the owners of said boat by their A note giv- authorised agent gave the said Byrne an instrument in en on behalf writing, of which the following is a 'copy. "One day of the owners of a steam after date, St. Bt. Elk and owners promise to pay P. boat, by their authorised a- Byrne, two hundred and thirteen dollars and 20.100 for gent, the value received, Louisville, Feb. 23rd 1839, (signed) St. Bt. clerk of the boat, for the Elk and owners, by John Russell jr., clerk." The aver- amount of the ment of non payment is then made, as well as the affidavit complainants demand, is required by law. evidence—in proceedings    The complaint was demurred to and demurrer sustained.— instituted a- The demand appears to me to be very well set out. When gainst such boat to en- we take into consideration that the clerk, as agent of the force the pay- ment of such boat, by making the note of the owners to the complainant demand—of for the amount claimed, admits on their part as well the jus- the justice as well as the tice as the amount of the claim. The same objections are amount of the urged on the part of the owners against this complaint as claim. against that of John Russell against the said boat; and for the same reasons as were given for the reversal of the judgment in that case, the judgment of the circuit court in this case ought to be reversed and such being the opinion of the other judges of this court it is accordingly reversed, and this court proceeding to give such judgment as the circuit court should have given, order that the plaintiff have judgment, &c.